IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DR. JAMES DOBSON FAMILY INSTITUTE, ET AL., | § § § |
| Plaintiffs, | § § |
| v. | §   Civil Action No.  4:24-CV-00986-O |
| XAVIER BECERRA, ET AL., | § § § |
| Defendants. | § § |

## ORDER

The Court entered an order on August 8, 2025 (the "Order"). ECF No. 35. Now before the Court is Defendants' Motion for Clarification or, in the Alternative, Amendment of the Court's August 8 Order (ECF No. 38), filed on September 5, 2025; Plaintiffs' Response (ECF No. 39), filed on September 18, 2025; and Defendants' Reply (ECF No. 40), filed on September 30, 2025. Upon consideration of the parties' briefing and noting Defendants' non-opposition to adopting Plaintiffs' requested relief, the Court finds it necessary to clarify the scope of the permanent injunction issued in the Order. *See* ECF No. 35. The Court hereby **MODIFIES** the Order as follows:

The permanent injunction as set forth in **the Court's Order (ECF No. 35 at 22-26) applies to Plaintiffs and to all present and future UIP members**. To come withing the scope of the Order, a present or future UIP employer member must meet the following criteria:

 (a) The employer is not yet protected by any other judicial order from the statutes, regulations, guidances, or interpretations at issue in this case; (b) UIP has determined that the employer meets the UIP's employer membership criteria; (c) UIP's membership criteria have not materially changed since Plaintiffs filed this complaint; (d) the employer is not subject to an adverse ruling on the merits in another case involving the statutes, regulations, guidances, or interpretations at

issue in this case; and (e) the employer must have been an UIP employer member at the time of the alleged violation.

**SO ORDERED** on this **29th day** of **October, 2025.**

*[signature: Reed O'Connor]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**